Fenner Ball
vs.
Earle Warner, Adm'r. } No. 83716.

February 17, 1931.

BLODGETT, P. J. This action is brought by plaintiff, doing business as Hotel Allen Company, against defendant as administrator of the estate of Gardner L. Miller, to recover on a certain agreement. The record shows that Miller, in his life time, was interested as partner in the Hotel Allen, and that previous to his death the partnership was dissolved.

Plaintiff, one of the partners and manager of the hotel, claims that at some time previous to the death of Miller, he (Miller) made an agreement with him (plaintiff) under which agreement three rooms in the hotel were reserved for the doctor or his guests, and were to be charged up to him (Miller) when used, at cost, and that the cost to the hotel company for table board also should be charged to Miller for his guests.

A bookkeeper, employed by the hotel company, rendered an account each month to the partners of receipts and expenditures, and each month struck a balance and divided the profits. This agreement between Miller and Ball does not appear in such accounting, nor was any charge made in it against Miller for use of said rooms or for table board.

The claim of plaintiff in this action is that the agreement between Miller and himself was made independent of the copartnership agreement and in such a manner that only the actual costs to the hotel were to be charged to Miller, and that during the period when the agreement was in force all the expenses of operation of the hotel company were charged upon the books except charges under the special agreement. Plaintiff further testified that this account was submitted to Miller in his lifetime and that Miller acknowledged same to be correct and agreed to pay the same.

The defence is the usual one in cases of this nature against an estate. The administrator was a close friend of deceased during the lifetime of deceased and testified that Miller never mentioned such an agreement; that deceased was very systematic in his business affairs and that he could find no reference to such an agreement among the papers of deceased; that Miller did say he had three rooms in the hotel for his own use and his guests; that he (administrator) never heard of this claim until same was filed in the Probate Court.

A complete memorandum of the various charges and dates was submitted by plaintiff and the deceased was credited in this account with certain

amounts belonging to deceased from the profits of the partnership agreement.

The Court feels that plaintiff has sustained the burden of proof by a carefully kept account.

Decision for plaintiff for $1,500.98 with interest from date of filing of claim in the Municipal Court and costs.

For plaintiff: Ralph M. Greenlaw.

For defendant: Grimes & McManus.